

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SHIRLEY LANDERS, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:15-1533-MGL-KFM |
| § | |
| LAURENS COUNTY SHERIFF RICKEY § | |
| CHASTAIN, LAURENS COUNTY § | |
| SHERIFF'S OFFICE, LIEUTENANT M. R. § | |
| CRAIN, JR., COUNTY OF LAURENS, § | |
| and SERGEANT ROBERT M. TIMMONS, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case was filed as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted as to Defendant Laurens County and Defendant Chastain on all claims, summary judgment be granted to Defendant Laurens County Sheriff's Office on Plaintiff's federal claims, summary judgment be denied as to Defendant Crain and Defendant Timmons on Plaintiff's § 1983 claims of false arrest and excessive force, and the Court exercise supplemental jurisdiction as to Plaintiff's state law claims of false arrest and assault and battery as to Defendant Crain and Defendant Timmons, with Defendant Laurens County Sheriff's Office substituted as a governmental entity defendant pursuant to the South Carolina Tort Claims Act (SCTCA). The Magistrate Judge recommends all other claims under the SCTCA be

dismissed, as agreed by the parties. The Magistrate Judge made the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 5, 2017, Defendants filed their objections on April 13, 2017, and Plaintiff filed her reply to Defendants' objections on April 30, 2017. The Court has carefully considered the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Defendants lodge just one objection to the Report: the Magistrate Judge was mistaken in failing to recommend the Court grant summary judgment on Plaintiff's false arrest claims. Objections 1. According to Defendants, although "[t]he Magistrate Judge applied the correct law as to probable cause, . . . he erred in focusing on questions as to whether . . . [P]laintiff cursed in the presence of [Defendant] Crain and/or that she was arrested after saying that she was going to report [Defendant] Crain for his behavior." *Id*. at 2 (citation omitted). The Court is unable to agree.

As the Magistrate Judge stated,

> Viewing the evidence in a light most favorable to the nonmoving plaintiff, as this [C]ourt must do when considering summary judgment, [P]laintiff was arrested after she returned to her car and

2

> then commented from the car that she was going to report [Defendant] Crain for his behavior. She testifies . . . she did not curse [Defendant] Crain from her car, and the audio recording is indiscernible here. Accordingly, in a favorable light of [P]laintiff's version, an issue of material fact exists as to whether under these circumstances a reasonable officer would believe that her conduct then and there amounted to a breach of the peace.

Report 6. For these reasons, the Court must deny Defendants' motion for summary judgment on Plaintiff's false arrest claims against Defendant Crain. Because Defendant Timmons assisted Defendant Crain in arresting Plaintiff, summary judgment must be denied to him on Plaintiff's false arrest claims, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objection, adopts the Report, and incorporates it herein. Accordingly, Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. More specifically, Defendants' motion for summary judgment is **GRANTED** as to Defendant Laurens County and Defendant Chastain on all claims, summary judgment is **GRANTED** to Defendant Laurens County Sheriff's Office on Plaintiff's federal claims, and summary judgment is **DENIED** as to Defendant Crain and Defendant Timmons on Plaintiff's § 1983 claims of false arrest and excessive force. The Court will exercise supplemental jurisdiction as to Plaintiff's state law claims of false arrest and assault and battery as to Defendant Crain and Defendant Timmons, with Defendant Laurens County Sheriff's Office substituted as a governmental entity defendant pursuant to the SCTCA. All other claims under the SCTCA are **DISMISSED**, as agreed by the parties.

**IT IS SO ORDERED**.

Signed this 8th day of May, 2017, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE